UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONY JACKSON,

                    **Plaintiff,**              21-cv-8721 (JGK)

         - against -            MEMORANDUM OPINION
                                      AND ORDER

MADISON SECURITY GROUP, INC.,

                    **Defendant.**

JOHN G. KOELTL, District Judge:

    The plaintiff, Antony Jackson, brought this putative class action against Madison Security Group, Inc. ("Madison") for alleged violations of New York Labor Law § 191, which provides that all "manual workers" in New York "shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned." The plaintiff alleges subject-matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA").

    In the amended complaint, the plaintiff alleges that he worked for Madison as a security guard in New York, that he performed enough physical labor to qualify as a "manual worker," and that the defendant improperly paid him and other similarly situated security guards on a biweekly rather than weekly basis, resulting in underpayment. Am. Compl., ECF No. 16, ¶¶ 1-6, 33-37. The plaintiff seeks damages on behalf of a class presently defined as all "persons who work or have worked as Security

Guards for Madison Security Group, Inc. in New York between October 15, 2015, and the date of final judgment in this matter." Id. ¶ 23.

The defendant now moves to dismiss the amended complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The defendant also moves to strike the plaintiff's class allegations "pursuant to Rule 12(b)(6), Rule 12(f), and Rule 23(d)(1)(D)." Def.'s Memo. of Law, ECF No. 23, at 1. For the following reasons, the motions to dismiss and to strike the class allegations are **denied without prejudice.**

I.

The following factual allegations are taken from the amended complaint. The plaintiff is a resident of New York. Am. Compl. ¶ 7. From June 2019 through May 2021, the plaintiff worked for Madison as a security guard at various New York City locations. Id. ¶¶ 8, 33. The plaintiff alleges that the proposed class of New York-based security guards, as defined in paragraph 23 of the amended complaint, contains over 100 members, id. ¶ 20, and that the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs," id. ¶ 18.

The defendant is a provider of security services and a "business corporation organized and existing under the laws of Massachusetts." Id. ¶ 10. The defendant maintains offices in several states, including Massachusetts and New York. Id. ¶ 2.

2

Publicly available documents attached to the amended complaint indicate that on at least several occasions, the defendant has identified a Massachusetts address as the site of its "principal business office" or "headquarters." For example, the defendant's website lists the address for its "Corporate Headquarters" as "31 Kirk Street, Lowell, MA 01852." Am. Compl. ¶ 12; see id., Ex. A, ECF No. 16-1. In corporate filings submitted in at least four states, the defendant provided a Massachusetts address for the location of its principal business office. Am. Compl. ¶ 13; see also id., Ex. B, ECF No. 16-2.  The plaintiff's exhibits also identify Madison officers and employees who bear titles such as "president," "treasurer," "vice president," and "chief financial officer," and who appear to have Massachusetts addresses. Am. Compl. ¶ 14; see, e.g., id., Ex. B, ECF No. 16-2, at 2; id., Ex. C, ECF No. 16-3, at 2. Based on this publicly available information, the plaintiff alleges that the defendant "maintains its principal place of business in Massachusetts," the same state where it is incorporated. Am. Compl. ¶ 19.

## II.

When presented with a motion to dismiss under Rule 12(b)(1) and a motion to dismiss on other grounds, the Court considers the question of subject-matter jurisdiction first. See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d

Cir. 1990).[1] Here, the defendant's jurisdictional challenge is based on the contention that the plaintiff's putative class action falls within CAFA's "local controversy exception."

"A case is properly dismissed under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). To prevail against a motion to dismiss for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Id. In considering such a motion, the Court generally must accept as true the material factual allegations in the complaint. See J.S. ex rel. N.S. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004). However, the Court does not draw all reasonable inferences in the plaintiff's favor. Id. Indeed, where jurisdictional facts are disputed, the Court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists. See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

CAFA confers "original federal jurisdiction over any class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, i.e., where at least one plaintiff and one defendant are citizens of different states." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56 (2d Cir. 2006); see also 28 U.S.C. § 1332(d)(2), (5)(B), (6). If the party asserting jurisdiction proves each of these prerequisites "to a reasonable probability," then the Court is typically authorized to adjudicate the matter. Blockbuster, 472 F.3d at 59; see Bigsby v. Barclays Cap. Real Est., Inc., 170 F. Supp. 3d 568, 579 (S.D.N.Y. 2016). However, even where these prerequisites are met, the Court must decline to exercise CAFA jurisdiction if the class action before it falls into one of the statute's enumerated exceptions. See 28 U.S.C. § 1332(d)(4). On a motion to dismiss pursuant to Rule 12(b)(1), the party asserting a CAFA exception "bears the burden of proving the exception applies." Anirudh v. CitiMortgage, Inc., 598 F. Supp. 2d 448, 451 (S.D.N.Y. 2009).

At issue in this case is CAFA's "local controversy exception," which requires the Court to decline jurisdiction over a class action where, as relevant here, (1) "greater than two-thirds" of the putative class members are "citizens of the State in which the action was originally filed," (2) at least

one defendant from whom significant relief is sought by members
of the plaintiff class and whose alleged conduct forms a
significant basis for the asserted claims is also "a citizen of
the State in which the action was originally filed," and
(3) principal injuries resulting from the alleged conduct "were
incurred in the State in which the action was originally filed."
28 U.S.C. § 1332(d)(4)(A)(i). For purposes of determining
citizenship, a corporation is deemed to be a citizen of every
state "by which it has been incorporated," and of the state
"where it has its principal place of business." Id.
§ 1332(c)(1). A corporation's principal place of business is its
"nerve center," that is, the "place where the corporation's
high-level officers direct, control, and coordinate the
corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77,
80-81 (2010). The nerve center "is a single place," usually the
corporation's main headquarters and always "the actual center of
direction, control, and coordination." Id. at 93.

                                III.

    The defendant does not dispute that the allegations in the
plaintiff's amended complaint satisfy the threshold requirements
for jurisdiction under CAFA. Rather, the defendant argues that
the local controversy exception applies to this case because the
defendant's principal place of business is in New York, the
state in which the action was originally filed, where the

putative class members allegedly reside, and where the other
requirements of the local controversy exception are satisfied.
The plaintiff responds that the defendant has not met the burden
of showing that the CAFA exception applies because the
defendant's true "nerve center" is in Massachusetts. The
plaintiff also requests limited discovery to determine whether
the defendant's principal place of business is in Massachusetts,
as the plaintiff alleges, or in New York, as the defendant now
contends.

To support its position that this case falls within the
local controversy exception, the defendant submits the
affidavits of senior Madison officers Timothy Grover and Joseph
Lizardi, both of whom attest that the "nerve center" of the
defendant is an office located in the Bronx, New York. See
Grover Decl., ECF No. 24, ¶¶ 4-5, 30; Lizardi Decl., ECF No. 25,
¶¶ 2, 18. Grover states that he founded Madison in his home
state of Massachusetts back in 2004, and that he initially
directed and operated Madison out of the Lowell, Massachusetts
office listed on the defendant's website. See Grover Decl. ¶¶ 9,
24. According to Grover, Madison merged with a New York-based
security-services corporation in 2007, at which point the
defendant's "principal office was moved" to the New York
location. Id. ¶¶ 10-11.

Both affidavits state that Grover, Lizardi, and senior Madison officer Richard Zimmer direct the defendant's business operations, and that "all high-level decision making" and "all aspects of company-wide human resources," among other essential management functions, take place in the New York office. Grover Decl. ¶¶ 6-7; Lizardi Decl. ¶¶ 4-6. Grover remains a resident of Massachusetts, but he states that he routinely travels to the New York office or participates via teleconference in the daily meetings there. See Grover Decl. ¶¶ 14-17, 20. In response to the plaintiff's amended complaint, Grover states that the defendant never "updated its website" to reflect the change in the address of its headquarters. Id. ¶ 25. And with respect to the state filings attached as exhibits, Grover says that the use of a Massachusetts address for the defendant's "principal" office was simply "an oversight." Id. ¶ 26.

Meanwhile, the plaintiff points out that the defendant has been on notice of this lawsuit since November 2021, but that the defendant submitted corporate filings as recently as January 2022 in which it provided a Massachusetts address for its "principal business office." See, e.g., Am. Compl., Ex. B, at 2-3, 4-5, 20. Those filings were signed by Madison's president Joan Marie Fiore, whose name is also affiliated with an address in Massachusetts. See, e.g., id. at 2-3. The other officers mentioned in some of these filings, including the defendant's

treasurer, secretary, and vice president, have addresses in
Massachusetts as well. See id. While the defendant claims that
the "principal office" location in these filings was mistaken,
the defendant does not appear to dispute the Massachusetts
addresses listed for the individual officers.

In light of the information just described, issues of
fact preclude a finding as to whether the defendant's principal
place of business is located in New York or in Massachusetts.
While the Grover and Lizardi affidavits detail the high-level
corporate activities occurring in New York, they provide little
clarity as to whether other high-ranking Madison employees
continue to operate somewhere in Massachusetts, where the
defendant concededly stationed its original principal place of
business.  Citing to a statement in Grover's affidavit, the
defendant argues that "none of the individuals" listed on the
state filings submitted by the plaintiff "have any involvement"
in the direction of the defendant's activities. Grover Decl.
¶ 29; see also Def.'s Memo. of Law, at 5. But the defendant
never explains what role those Massachusetts-based individuals,
chief among them corporate "president" Fiore, do play in their
capacities as Madison officers. The defendant has also failed to
submit a sworn declaration from Fiore, the signatory on the
relevant filings, explaining that the use of a Massachusetts
location for the "principal" office was mistaken.

In short, the current record does not resolve the issue of whether the defendant's "nerve center" is indeed in New York, rather than in Massachusetts. Thus, it cannot be determined whether CAFA's "local controversy exception" applies.

Where, as here, "certain facts relevant to determining the Court's jurisdiction" are "peculiarly within the knowledge of the opposing party," the Court may order limited discovery bearing on the jurisdictional question. Mercer v. Jericho Hotels, LLC, 19-cv-5604, 2019 WL 6117317, at *3 (S.D.N.Y. Nov. 18, 2019). Accordingly, the defendant's motion to dismiss for lack of subject-matter jurisdiction is denied without prejudice to renewal after a period of expedited discovery limited to the issue of the defendant's principal place of business.

## IV.

The defendant also moves to strike or dismiss the plaintiff's class allegations under Rules 23(d)(1)(D), 12(f), and 12(b)(6). In support of the motion, the defendant argues that the plaintiff cannot satisfy Rule 23's "commonality" and "predominance" requirements for class certification, and that the plaintiff's proposed class definition is overbroad. The plaintiff responds that any determination regarding the sufficiency of the class allegations would be premature.

In general, motions to strike class allegations are strongly disfavored because they require "a reviewing court to

preemptively terminate the class aspects of . . . litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." Mazzola v. Roomster Corp., 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012). In any event, if the Court were to dismiss the plaintiff's class allegations at this time, the plaintiff would be given an opportunity to replead. Thus, the motion to strike the class allegations is denied without prejudice to renewal upon the filing of either a second amended class-action complaint or a motion for class certification, assuming the Court has not yet dismissed the action for lack of subject-matter jurisdiction.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not addressed above, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff is permitted to take expedited discovery limited to the question of the defendant's principal place of business. Such expedited discovery is to be completed within 60 days from the date of this Order. At the conclusion of the 60-day period, the Court will hold an evidentiary hearing to determine the principal place of business of the defendant. The defendant's Rule 12(b)(1) motion to dismiss for lack of subject-matter

11

jurisdiction is **denied without prejudice** to renewal after the evidentiary hearing. The defendant's motion to strike the class allegations is likewise **denied without prejudice** to renewal upon the filing of either a second amended class-action complaint or a motion for class certification.

SO ORDERED.

Dated:     New York, New York
           September 28, 2022

                                    John G. Koeltl
                              United States District Judge

12